| | |
|---|---|
| | Honorable Christopher M. Alston |
| | Hearing date: January 26, 2018 |
| | Hearing time: 9:30 a.m. |
| | Response date: January 19, 2018 |
| | Chapter 7 |
| | Location: Seattle |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 17-14070 |
| REYNALDO VINLUAN, | RESPONSE AND OBJECTION TO MOTION FOR ORDER AUTHORIZING TRUSTEE TO ABANDON PROPERTY OF ESTATE |
| Debtor. | |

COMES NOW, Edmund J. Wood, the Chapter 7 Trustee herein, by and through the undersigned attorney, and in response and objection to the debtor's motion states as follows:

**I. FACTS**

The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017, and Edmund J. Wood was appointed the Chapter 7 Trustee. Among the assets of the estate is the debtor's interest in the real property located at 303 23rd Ave S, #606, Seattle, WA, which the debtor valued at $391,000.00 on the date of filing (Docket No. 1, page 9). On October 16, 2017, the debtor amended Schedule A/B to list a previously undisclosed claim. The debtor retained the same value of the property at $391,000. Based on the debtor's sworn statement of the value of the property, and the liens listed, there was no equity in the property.

| | |
|---|---|
| Debtor's Valuation: | $391,000.00 |
| Ocwen 1st DOT | -$224,113.00 |
| LCS Financial | -$108,000.00 |
| IRS Lien | -$96,563.92 |
| Gross Equity | -$37,676.92 |

After the Trustee engaged a realtor to list the property for sale, the debtor filed an amendment to Schedules A and C on November 6, 2017, the purpose of which was expressly stated to be "to

**RESPONSE AND OBJECTION TO MOTION FOR ORDER
AUTHORIZING TRUSTEE TO ABANDON PROPERTY OF ESTATE - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 17-14070-CMA    Doc 48    Filed 01/19/18    Ent. 01/19/18 14:53:16    Pg. 1 of 3

Change Valuation of Home and Change to State Exemptions". The debtor increased his sworn valuation of the premises from $391,000.00 to $481,000.00, inflating the actual value to attempt to provide value that the debtor could attempt to claim exempt. In actuality, the property is only worth the approximate amount of the debtor's originally scheduled value. See Declaration of Tyrone Bafaro.

The debtors' motion to compel abandonment in a Chapter 7 case filed less than four months ago is grossly premature. Pursuant to 11 U.S.C. § 724 (a), the Trustee may avoid, for the benefit of the estate, the tax lien to the extent it secures a penalty and interest claim. Here, the penalty and interest claim, amounts to approximately $30,000.00, all of which can be distributed to creditors without deduction for costs. As the Chapter 7 Trustee's costs of administration can subordinate the balance of the secured tax lien of the IRS pursuant to 11 U.S.C. § 724 (b)(2), there is equity for the estate that can be liquidated for the benefit of creditors[1].

## II. DISCUSSION

Orders to compel abandonment by a Trustee are the exception, not the rule:

"Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset." *Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987). Where the benefits of administration exceed the costs of administration, abandonment should not be compelled. *Id*. In *K.C. Machine & Tool Co.*, the court stated, "Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should very rarely be ordered." *Id*.

*In re Bolden*, 327 B.R. 657, 667 (Bankr. C.D. Cal. 2005). Here, there can be no suggestion that there has been any delay in the administration when the case will be less than four months old at the time of the hearing on this motion.

The Ninth Circuit BAP has also long recognized that orders to compel abandonment by a

---

[1] The claims bar date in this matter does not expire until after this response is filed, January 22, 2018.

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**RESPONSE AND OBJECTION TO MOTION FOR ORDER
AUTHORIZING TRUSTEE TO ABANDON PROPERTY OF ESTATE - 2**

Trustee are the exception, not the rule:

> Section 554 (b) provides that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554 (b). In order to approve a motion to abandon property, the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate. See 11 U.S.C. § 554 (b); *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 245 (6th Cir. 1987). As the Sixth Circuit noted, **"an order compelling abandonment is the exception, not the rule.** Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset. . . . Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should rarely be ordered." *Morgan,* 816 F.2d at 246. (Emphasis supplied)

*Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647 (B.A.P. 9th Cir. Cal. 2000). In *Vu,* the Court noted that it was the debtors' burden to establish that the property was both of inconsequential value and benefit to the estate, and that they did not meet their burden. *Id* at 650.

### III. CONCLUSION

In sum, as payment of unsecured creditor claims will be paid from the carve out of $30,000.00 from the § 724 (a) claim, and all costs of administration paid from the balance of the subordinated secured IRS claim, the debtor cannot show that the property is either of inconsequential value to creditors nor that it is unduly burdensome and accordingly, the motion should be denied.

DATED this 19th day of January, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Vinluan\abandon_resp.wpd

**RESPONSE AND OBJECTION TO MOTION FOR ORDER
AUTHORIZING TRUSTEE TO ABANDON PROPERTY OF ESTATE - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002