| | |
|---|---|
| | Honorable Christopher M. Alston |
| | Hearing date: January 26, 2018 |
| | Hearing time: 9:30 a.m. |
| | Response date: January 19, 2018 |
| | Chapter 7 |
| | Location: Seattle |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 17-14070 |
| REYNALDO VINLUAN, | RESPONSE AND OBJECTION TO MOTION AUTHORIZING THE COURT TO ACCEPT TENDER OF FUNDS |
| Debtor. | |

COMES NOW, Edmund J. Wood, the Chapter 7 Trustee herein, by and through the undersigned attorney, and in response and objection to the debtor's motion states as follows:

**I. FACTS**

The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017, and Edmund J. Wood was appointed the Chapter 7 Trustee. Among the assets of the estate is the debtor's interest in the real property located at 303 23rd Ave S, #606, Seattle, WA, which the debtor valued at $391,000.00 on the date of filing (Docket No. 1, page 9). On October 16, 2017, the debtor amended Schedule A/B to list a previously undisclosed claim:

> Potential Lawsuit to quiet title against Ocwen Loan Servicing LLC, and LCS Financial Services, Corp re: 2nd position HELOC loan on the residence located at 303 23rd Ave. S., Apt #606, Seattle, WA 98114. The loan was not [sic] been paid in more than 6 years and has been charged off. Debtors believe the loan is beyond the statue limitations (See RCW 7.28.30).

See Docket No. 11, page 6. The debtor also amended Schedule D and listed the claim of LCS Financial, in the amount of $108,000.00, as disputed (Docket No. 11, page 12). The debtor retained the same value of the property at $391,000. Based on the debtor's sworn statement of the value of the property, and the liens listed, there was no equity in the property.

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**RESPONSE AND OBJECTION TO MOTION
AUTHORIZING THE COURT TO ACCEPT TENDER OF FUNDS - 1**

| | |
|---|---|
| Debtor's valuation: | $391,000.00 |
| Ocwen 1st DOT | -$224,113.00 |
| LCS Financial: | -$108,000.00 |
| IRS Lien: | -$96,563.92 |
| Gross Equity | -$37,676.92 |

After the Trustee engaged a realtor to list the property for sale, the debtor filed an amendment to Schedules A and C on November 6, 2017, the purpose of which was expressly stated to be "to Change Valuation of Home and Change to State Exemptions". See Docket No. 21. The debtor increased his sworn valuation of the premises from $391,000.00 to $481,000.00, inflating the actual value to attempt to provide value that the debtor could attempt to claim exempt. The Trustee filed an objection to such exemptions (Docket No. 22), and the debtor amended his schedules a fourth time, attaching a Zillow Zestimate dated October 24, 2017 (Docket No. 25). The Trustee filed another objection on a variety of grounds (Docket No. 26). The Trustee did value the property in December of 2017, and it was determined to be valued at $380,000. See Declaration of Tyrone Bafaro. Indeed, this valuation is in line with the debtor's appraisal[1] of November 2017, which concluded the value to be $400,000.00, not $481,000.00 as the debtor now claims.

While the debtor is free to amend the bankruptcy schedules at any time prior to the closure of the case, the valuation of the debtor's assets is frozen at the value on the date of filing, and any post-petition appreciation inures to the benefit of the estate. *In re: Debra Wilson*, Bk. 13-20904, Docket No. 119, 160.

## II. ANALYSIS

The present motion is essentially a motion to force a settlement upon the estate to "satisfy the bankruptcy estate's interest in the Debtor's residence", with an apparent determination that such interest is limited to $30,000.00, estimating this amount to be the avoidance claim available to the

---

[1] The debtor has not properly authenticated either appraisal, and his statement as to what a third party appraised the property to be is hearsay.

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**RESPONSE AND OBJECTION TO MOTION AUTHORIZING THE COURT TO ACCEPT TENDER OF FUNDS - 2**

Case 17-14070-CMA    Doc 49    Filed 01/19/18    Ent. 01/19/18 14:55:01    Pg. 2 of 3

Trustee pursuant to 11 U.S.C. § 724 (a). See proposed order, Docket 36-3, page 1. Notably, there is no authority cited for the relief requested. Further, the analysis fails to recognize that the remainder of the secured claim of the IRS is subordinated to Chapter 7 costs of the administration pursuant to 11 U.S.C. § 724 (b)(2), which frees up the entire avoidance claim for distribution to creditors, which payment of $30,000.00 clearly does not so provide.

Any settlement with the debtor will be treated as a sale by the IRS. Accordingly, costs of administration includes not only compensation for the Trustee and counsel, but also the accoutants employed by the estate to properly report the sale on a federal income tax return of the estate, and to pay the excise tax necessary to King County in the amount of 1.0825%, or $4,750[2]. None of such costs of administration are addressed by the debtor's 'offer', and will reduce the amount available to pay creditor claims.

### III. CONCLUSION

Accordingly, the debtor's motion to 'authorize' a settlement that has not been reached should be denied.

DATED this 19th day of January, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Vinluan\tender_resp.wpd

---

[2] No capital gain tax is due as the debtor acquired the property in 2006 for the sum of $270,000.00, and a homestead exclusion of $250,000.00 is allowed by the IRS.

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**RESPONSE AND OBJECTION TO MOTION**
**AUTHORIZING THE COURT TO ACCEPT TENDER OF FUNDS - 3**