Honorable Christopher M. Alston
Hearing date: January 26, 2018
Hearing time: 9:30 a.m.
Response date: January 19, 2018
Chapter 7
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

REYNALDO VINLUAN,

Debtor.

No. 17-14070

RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO BRING TRUSTEE'S OBJECTION TO EXEMPTION BEFORE THE COURT

COMES NOW, Edmund J. Wood, the Chapter 7 Trustee herein, by and through the undersigned attorney, and in response and objection to the debtor's motion states as follows:

**I. FACTS**

The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017, and Edmund J. Wood was appointed the Chapter 7 Trustee. Among the assets of the estate is the debtor's interest in the real property located at 303 23rd Ave S, #606, Seattle, WA, which the debtor valued at $391,000.00 on the date of filing (Docket No. 1, page 9). On October 16, 2017, the debtor amended Schedule A/B to list a previously undisclosed claim. See Docket No. 11, page 6. The debtor also amended Schedule D and listed the claim of LCS Financial, in the amount of $108,000.00, as disputed (Docket No. 11, page 12). The debtor retained the same value of the property at $391,000. Based on the debtor's sworn statement of the value of the property, and the liens listed, there was no equity in the property for the debtor to claim exempt:

    Debtor's Valuation:    $391,000.00
    Ocwen 1st DOT    -$224,113.00

**RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO BRING TRUSTEE'S OBJECTION TO EXEMPTION BEFORE THE COURT - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

| | |
|---|---|
| LCS Financial | -$108,000.00 |
| IRS Lien | -$96,563.92 |
| Gross Equity | -$37,676.92 |

After the Trustee engaged a real estate agent to list the property for sale, the debtor increased his sworn valuation of the premises from $391,000.00 to $481,000.00, inflating the actual value to attempt to provide value that the debtor could attempt to claim exempt. The Trustee filed an objection to such exemption (Docket No. 22) and the debtor amended his bankruptcy schedules a fourth time, attaching a Zillow Zestimate dated October 24, 2017 (Docket No. 25). The Trustee filed another objection on a variety of grounds. The Trustee did value the property in December of 2017, and it was determined to be valued at $380,000. See Declaration of Tyrone Bafaro. Indeed, this valuation is in line with the debtor's original valuation on his bankruptcy schedules and the appraisal[1] of November 2017, which concluded the value to be $400,000.00, not $481,000.00 as the debtor now claims.

## II. ANALYSIS

It is well settled that a state created homestead exemption is ineffective against a federal tax lien, as here. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); *United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971); *Knox v. Great West Life Assur. Co.*, 212 F.2d 784 (6th Cir. 1954); *U.S. v. Heffron*, 158 F.2d 657 (9th Cir. 1947).

> The lien and subsequent levy by the IRS do not remove the proceeds of the sale of the property from the appellant's estate. The proceeds are subject to a valid tax lien under federal law and may not be exempted under 11 U.S.C. § 522. Accordingly, the Bankruptcy Court's decision shall be affirmed.

*Davenport v. United States*, 136 B.R. 125, 128 (Bankr. W.D. KY 1991). No special protections

---

[1] The debtor has not properly authenticated either appraisal, and his statement as to what a third party appraised the property to be is hearsay.

**RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO BRING TRUSTEE'S OBJECTION TO EXEMPTION BEFORE THE COURT - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

of state law immunize property held as a homestead.  No exception appears in 26 U.S.C. § 7403 (action to enforce a lien or to subject property to payment of a tax) and the Supremacy Clause allows the federal government to avoid state created exemptions. *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L. Ed. 2d 236 (1983).  Accordingly, the debtor has no claim of exemption ahead of a federal tax lien, without deduction for the Trustee's ability to avoid any portion thereof pursuant to 11 U.S.C. 724 (a).

11 U.S.C. § 522 (a)(2) provides "value" means fair market value as of the date of the filing of the Bankruptcy Petition.  11 U.S.C. § 522 (b)(2) allows a debtor to claim exemptions under federal or state law, unless state law does not so provide.  The definition of "value" is clear.  The term value as defined throughout § 522 describes interests that a debtor may claim as exempt, not the property itself.  11 U.S.C. § 522 (d)(1), (2), (3), (4), (5) and (6) all refer to the debtor's aggregate "interest", not the asset itself.  Here, there was no "value" or "interest" to claim exempt on the date of filing.

### III.  SUMMARY

Accordingly, the Trustee's objection to the debtor's claim of exemption pursuant to RCW 6.13.030 should be sustained as there was no value to which the claim could attach on the day of filing.

DATED this 19th day of January, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Vinluan\exemption_resp.wpd

**RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO BRING TRUSTEE'S OBJECTION TO EXEMPTION BEFORE THE COURT - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002