Honorable Christopher M. Alston
Hearing date: July 27, 2018
Hearing time: 9:30 a.m.
Response date: July 20, 2018
Chapter 7
Location: Seattle

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In re

REYNALDO VINLUAN,

Debtor.

No. 17-14070

MOTION TO APPROVE SETTLEMENT

## I. FACTS

The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017 and Edmund J. Wood was appointed as the Chapter 7 Trustee. The debtor listed his ownership interest in the condominium located at 303 23rd Ave S, #606, Seattle, WA, stating the value of the property to be $391,000.00, with consensual liens in the aggregate amount of $332,113.00, non-consensual liens in the aggregate amount of $96,054.14, and claiming an exemption pursuant to 11 U.S.C. § 522 (d)(1) in the amount of $23,675.00 (Docket No. 1). On October 31, 2017, an order was entered approving the employment of Chad Tharp and Keller Williams Eastside as real estate agents for the Trustee to list the real property for sale. Following Mr. Tharp's employment, the debtor filed amended bankruptcy schedules on November 6, 2017 (Docket No. 6), changing the value of the Property to $481,519.00 and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000. The Trustee filed timely objections to the debtor's exemptions on November 7, 2017 (Docket No. 22), November 17, 2017 (Docket No. 26) and November 20, 2017 (Docket No. 27).

**MOTION TO APPROVE SETTLEMENT - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

On December 14, 2017, the debtor filed a Motion for Order Authorizing Trustee to Abandon Property of Estate (Docket No. 34), a Motion Authorizing Court to Accept Tender of Funds into the Court Registry (Docket No. 36), and a Motion to Bring the Chapter 7 Trustee's Objection to Exemption Before the Court (Docket No. 37). All of such motions were denied on March 26, 2018 (Docket No. 67-69). An adversary proceeding was filed by the Trustee to avoid the second position consensual lien pursuant to 11 U.S.C. § 544 and/or 506 (d) on March 26, 2018 (Adv. No. 18-01026). The defendants recorded a Deed of Reconveyance on or about April 26, 2018 and the relief requested was approved by the Court by default judgment entered on May 9, 2018.

The debtor filed amended bankruptcy schedules on April 26, 2018, changing the value of the property to $399,000.00, with consensual liens in the aggregate amount of $278,113.00, non-consensual liens in the aggregate amount of $96,563.92, and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000.00 (Docket No. 72). The Trustee filed a timely objection to the Debtor's exemptions on May 11, 2018, noting the same for hearing on June 13, 2018 (Docket No. 74). As set forth in the Trustee's Objection, and using either the debtor's originally scheduled value ($391,000.00) or the debtor's most recently amended value ($399,000.00), there is no "net value" or equity to claim exempt. However, the estate will realize value in the condominium from the avoidance of liens in the amount of approximately $138,000.00 upon sale of the condominium, from the avoided second position lien ($108,000.00) and the avoidance of the secured claim of the IRS for penalties and interest on penalties ($30,000.00).

To date, priority unsecured claims have been filed in the amount of $18,130.68, general

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**MOTION TO APPROVE SETTLEMENT - 2**

unsecured claims have been filed in the aggregate amount of $18,452.57 and an unsecured penalty claim has been filed in the amount of $1,927.86, for total unsecured claims in the amount of $38,511.11.  Assuming the Trustee were to list the property for sale and receive a full price offer, it is believed unsecured creditors would be paid in full, plus interest.  Rather than have the property sold, the debtor wishes to retain the property and settle the bankruptcy estate's interest in the same for payment to the estate in the amount of $62,500.  It is believed that this amount will be sufficient to pay costs of administration, all timely filed unsecured claims, plus interest thereon, in full.  The debtor will have a subordinated unsecured claim of $62,500.00 should this amount be in excess of the funds necessary to pay all claims in full, with interest.

## II.  ISSUES

2.1  **Whether the settlement agreement is fair, reasonable and should be approved, after consideration of the four factors set forth in *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).**

## III.  DISCUSSION

3.1  **The compromise/settlement is fair, reasonable and should be approved**.

The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable."  *In re Woodson*, 839 F.2d 619, 620 (9th Cir.1988).  An order approving a compromise will be upheld absent abuse of discretion.  *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

To determine whether a compromise is fair and equitable, the Court should consider the probability of success in the litigation, the difficulties to be encountered in collection, the litigation's complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views.  *In re MGS Marketing*,

**MOTION TO APPROVE SETTLEMENT - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 17-14070-CMA    Doc 77    Filed 06/21/18    Ent. 06/21/18 09:19:00    Pg. 3 of 5

111 B.R. 264 (9th Cir. BAP 1990); *In re Woodson, supra*; *In re A & C Properties, supra*.

A compromise should be approved if the Trustee establishes to the reasonable satisfaction of the Court that it is prudent to eliminate the risks and delays of litigation to achieve certainty rather than a possible ultimate recovery. *In re Central Ice Cream Co.*, 59 B.R. 476, 487-488 (Bankr. N.D. Ill. 1985). The Court does not have to decide the numerous questions of fact and law raised by objecting parties. *In re Heissinger Resources Ltd.* 67 B.R. 378, 383 (C.D. Ill, 1986). The Court's responsibility is to canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness". *Id., citing, In re W.T. Grant Co.*, 699, F.2d 599, 608 (2nd Cir. 1983).

The Trustee believes the settlement proposed is fair, reasonable, and in the best interest of the estate. In reaching the settlement, the Trustee considered the factors outlined in *In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986), as set forth below:

a. <u>Probability of Success in Litigation</u>

It seems evident that the Trustee would prevail on the Objection to Debtor's Third Amended Exemptions as there is no equity for the debtor to claim exempt. Further, the case law is clear that the avoidance is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551, together with the avoidance of the penalty tax claim pursuant to 11 U.S.C. § 724 (a).

b. <u>Collection Difficulties</u>

Collection difficulties were not a major consideration in agreeing to the settlement as, if the offer was not received from the debtor, the real property would be listed for sale by the Trustee.

**MOTION TO APPROVE SETTLEMENT - 4**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 17-14070-CMA    Doc 77    Filed 06/21/18    Ent. 06/21/18 09:19:00    Pg. 4 of 5

c. <u>Complexity and cost of Litigation, inconvenience of delay</u>

The cost of litigation and the inconvenience of delay in avoiding that portion of the IRS tax liens the consist of penalties, and interest on such penalties, litigating the Objection to Debtor's Third Amended Exemptions, listing the property for sale, and closing a sale, were the major considerations in the estate's determination to settle.

d. <u>Best Interest of Creditors</u>

Additional costs of administration will be greatly reduced if this settlement agreement is approved. Enhancing the amount of the distribution by the estate by the reduction of such costs, and avoiding further delay in the distribution is in the best interest of creditors.

### IV. SUMMARY

Given (1) the complexity, expenses and likely duration of litigation; (2) the balance between the likelihood of success compared to the present and future benefits offered by the litigation; (3) the risk of establishing liability and damages; (4) the relative benefits achieved through settlement; (5) the proportion of the Bankruptcy Class that are believed will support the settlement; and (6) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation, the Trustee submits that the settlement should be approved.

DATED this 21st day of June, 2018.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\KAE\Dox\Vinluan\settle_mot.wpd

**MOTION TO APPROVE SETTLEMENT - 5**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002