Honorable Christopher M. Alston
Hearing date: July 27, 2018
Hearing time: 9:30 a.m.
Response date: July 20, 2018
Chapter 7
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>REYNALDO VINLUAN,<br><br>Debtor. | No. 17-14070<br><br>DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT |

Edmund J. Wood declares and states as follows:

1. I am the Trustee in this matter and have testimonial knowledge of the facts set forth in this declaration.

2. The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017 and I was appointed as the Chapter 7 Trustee. The debtor listed his ownership interest in the condominium located at 303 23rd Ave S, #606, Seattle, WA, stating the value of the property to be $391,000.00, with consensual liens in the aggregate amount of $332,113.00, non-consensual liens in the aggregate amount of $96,054.14, and claiming an exemption pursuant to 11 U.S.C. § 522 (d)(1) in the amount of $23,675.00 (Docket No. 1). On October 31, 2017, an order was entered approving the employment of Chad Tharp and Keller Williams Eastside as my real estate agents to list the real property for sale. Following Mr. Tharp's employment, the debtor filed amended bankruptcy schedules on November 6, 2017 (Docket No. 6), changing the value of the Property to $481,519.00 and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000. I filed timely objections to the debtor's exemptions on November 7, 2017

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 17-14070-CMA    Doc 79    Filed 06/21/18    Ent. 06/21/18 09:21:00    Pg. 1 of 11

(Docket No. 22), November 17, 2017 (Docket No. 26) and November 20, 2017 (Docket No. 27).

3. On December 14, 2017, the debtor filed a Motion for Order Authorizing Trustee to Abandon Property of Estate (Docket No. 34), a Motion Authorizing Court to Accept Tender of Funds into the Court Registry (Docket No. 36), and a Motion to Bring the Chapter 7 Trustee's Objection to Exemption Before the Court (Docket No. 37). All of such motions were denied on March 26, 2018 (Docket No. 67-69). I filed an adversary proceeding to avoid the second position consensual lien pursuant to 11 U.S.C. § 544 and/or 506 (d) on March 26, 2018 (Adv. No. 18-01026). The defendants recorded a Deed of Reconveyance on or about April 26, 2018 and the relief requested was approved by the Court by default judgment entered on May 9, 2018.

4. The debtor filed amended bankruptcy schedules on April 26, 2018, changing the value of the property to $399,000.00, with consensual liens in the aggregate amount of $278,113.00, non-consensual liens in the aggregate amount of $96,563.92, and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000.00 (Docket No. 72). I filed a timely objection to the debtor's exemptions on May 11, 2018, noting the same for hearing on June 13, 2018 (Docket No. 74). As set forth in my objection, and using either the debtor's originally scheduled value ($391,000.00) or the debtor's most recently amended value ($399,000.00), there is no "net value" or equity to claim exempt. However, the estate will realize value in the condominium from the avoidance of liens in the amount of approximately $138,000.00 upon sale of the condominium, from the avoided second position lien ($108,000.00) and the avoidance of the secured claim of the IRS for penalties and interest on penalties ($30,000.00).

5. To date, priority unsecured claims have been filed in the amount of $18,130.68,

**DECLARATION OF TRUSTEE IN SUPPORT  
OF MOTION TO APPROVE SETTLEMENT - 2**

KATHRYN A. ELLIS, ESQ.  
5506 6th Ave S  
Suite 207  
Seattle, WA 98108  
(206) 682-5002

general unsecured claims have been filed in the aggregate amount of $18,452.57 and an unsecured penalty claim has been filed in the amount of $1,927.86, for total unsecured claims in the amount of $38,511.11.  Assuming I were to list the property for sale and receive a full price offer, it is believed unsecured creditors would be paid in full, plus interest.  Rather than have the property sold, the debtor wishes to retain the property and settle the bankruptcy estate's interest in the same for payment to the estate in the amount of $62,500.  It is believed that this amount will be sufficient to pay costs of administration, all timely filed unsecured claims, plus interest thereon, in full.  The debtor will have a subordinated unsecured claim of $62,500.00 should this amount be in excess of the funds necessary to pay all claims in full, with interest.  A copy of the proposed Settlement and Release Agreement is attached hereto as Exhibit 1.

      6.      It is my opinion, in my best business judgement, the settlement is optimum for this case and should be approved by the Court.

      7.      The compromise/settlement is fair, reasonable and adequately based on the facts and circumstances.  B.R. 9019(a) and 7023.  The substantive terms of the settlement compare favorably with the likely rewards of litigation.  The process by which the settlement was reached was arm's length negotiation, and that all interests have been effectively represented.

//

//

//

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 17-14070-CMA    Doc 79    Filed 06/21/18    Ent. 06/21/18 09:21:00    Pg. 3 of 11

8. Given the probability of success in the litigation, the risks inherent in all litigation, complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views, the settlement proposed should be approved. The proposed settlement is believed to be above the "lowest point in the range of reasonableness", and I submit that the settlement should be approved.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 20th day of June, 2018 at Seattle, Washington.

By: /s/ Edmund J. Wood
Edmund J. Wood

C:\Shared\KAE\Dox\Vinluan\settle_dec.wpd

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 4**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT is made by and between Edmund J. Wood, Trustee of the Chapter 7 bankruptcy estate of Reynaldo Vinluan, U.S. Bankruptcy Court Case No. 17-14070 (hereinafter "Trustee"), and Reynaldo Vinluan (hereinafter "Debtor").

### Recitals

A. The Debtor purchased the condominium located at 303 23rd Ave S, #606, Seattle, WA (King County APN 8726630560) (hereinafter referred to as "Property") on or about December 13, 2006 for the sum of $270,000.

B. The Debtor filed the Chapter 7 Bankruptcy Petition on September 15, 2017 and listed the value of the Property as $391,000.00, with consensual liens in the aggregate amount of $332,113.00, non-consensual liens in the aggregate amount of $96,054.14, and claiming an exemption pursuant to 11 U.S.C. § 522 (d)(1) in the amount of $23,675.

C. The Debtor also filed amended schedules on October 16, 2017 to disclose a potential quiet title action against Ocwen Loan Servicing LLC and LCS Financial Services Corp. regarding a second position Deed of Trust on the Debtor's Property. The Debtor contends he only became aware of the potential claim after contacting the servicer to pursue a loan modification after the Bankruptcy Petition was filed. The Debtor also contends the secured claim as charged off and uncollectible.

D. The Debtor filed amended bankruptcy schedules on November 6, 2017, changing the value of the Property to $481,519.00 and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000. The Trustee filed timely objections to the Debtor's exemptions on November 7, 2017, November 17, 2017 and November 20, 2017.

E. On December 14, 2017, the Debtor filed a Motion for Order Authorizing Trustee to Abandon Property of Estate (seeking to compel the Trustee's abandonment of the Property), a Motion Authorizing Court to Accept Tender of Funds into the Court Registry, and a Motion to Bring the Chapter 7 Trustee's Objection to Exemption Before the Court. All of such motions were denied without prejudice.

F. On March 23, 2018, the Debtor tendered a cashier's check for $38,511.11 to the Trustee as a no strings attached tender to pay the interest of the bankruptcy estate in the Property as payment in full for all filed priority and general unsecured claims in the estate. The Trustee denies the tender was unconditional. On March 30, 2018, the attorney for the Trustee returned the cashier's check and rejected the Debtor's conditional tender.

G. On April 10, 2018, the Debtor's attorney responded to the Trustee's rejection of the Tender and contended that it was an unconditional tender offering to pay all outstanding

SETTLEMENT AND RELEASE AGREEMENT - 1

claims of the estate prior to the Trustee's filing of any adversary complaint. The letter also requested a response to an inquiry regarding the attorney's fees and costs that the Debtor contended were of no additional benefit to the estate. The Trustee did not respond to this additional demand as it had already been answered previously.

H. An adversary proceeding was filed by the Trustee to avoid the 2nd position consensual lien pursuant to 11 U.S.C. § 544 and/or 506 (d) on March 26, 2018 (Adv. No. 18-01026). The defendants recorded a Deed of Reconveyance on or about April 26, 2018 and the relief requested was approved by the Court by default judgment entered on May 9, 2018.

I. The Debtor filed amended bankruptcy schedules on April 26, 2018, changing the value of the Property to $399,000.00, claiming this was to comply with an appraisal relating back to the filing date of September 15, 2018, with consensual liens in the aggregate amount of $278,113.00, non-consensual liens in the aggregate amount of $96,563.92, and claimed an exemption pursuant to RCW 6.13.030 in the amount of $125,000. The Trustee filed a timely objection to the Debtor's exemptions on May 11, 2018, noting the same for hearing on June 13, 2018. That hearing was continued to August 10, 2018.

    J.    The Trustee contends:

1. The second position lien avoided is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551, and such interest cannot be claimed exempt by the debtor;

2. The penalties, and interest on such penalties, of the IRS' secured tax liens can be avoided pursuant to 11 U.S.C. § 724 (a) in the approximate amount of $30,000.00; and

3. Once the penalties, and interest on such penalties, are avoided, any proceeds from the sale of the Property would be paid as follows:

    a.    Closing Costs
    b.    1st DOT - Ocwen
    c.    2nd DOT - bankruptcy estate
    d.    IRS penalties/interest avoidance - estate
    e.    Chapter 7 costs of administration
    f.    IRS non-avoidable tax lien

    K.    The Debtor Contends:

1. The no strings attached tender on March 23, 2018 was payment in full of all priority and general unsecured claims on the property and any attorney's fees and costs involved in litigation or otherwise in this matter were of no benefit to unsecured creditors and the Debtor contests the Trustee's right to any attorney's fees and costs for avoiding the second lien of for any other hypothetical causes of

SETTLEMENT AND RELEASE AGREEMENT - 2

action under 11 U.S.C. § 724 (a) that were never brought and for hypothetical administrative costs for selling a property that was never sold or marketed for sale.

2. As to the second motion lien avoidance action, the Debtor admits that any lien avoidance would be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551, and such interest cannot be claimed exempt by the debtor, but the amount of the lien would be limited to the amount of the avoidance as listed in the complaint and the Promissory Note ($54,000.00).

3. The Debtor made valid amendments to schedules in good faith throughout this case, and the final amendments on April 26, 2018 accurately reflected the asset values, lien amounts and exemption claims as of the filing of the bankruptcy case on September 15, 2017.

4. The Debtor contends that he has a valid homestead claim up to $125,000.00 under RCW 6.13.030 and that homestead would only be realized upon sale of the property, which did not take place.

5. By settling this case, the Debtor is foregoing the filing of a renewed motion for abandonment which would likely have involved appellate litigation and marketing his residence for sale, all of which he wished to avoid, since his intention all along was to save his residence and deal fairly with his creditors.

L. The Trustee denies again all of the Debtor's allegations and contends the Debtor misunderstands the law that applies.

M. Notwithstanding the parties' differences, the debtor has agreed to settle the bankruptcy estate's interest in the Property, for payment to the estate in the amount of $62,500.

N. The parties agree that the Debtor will have a subordinated unsecured claim in the amount of $62,500.00 in the Chapter 7 proceeding. The parties also agree that the Property will be abandoned to the Debtor upon receipt of the $62,500.00 and entry of an Order on Motion to Approve Settlement.

NOW THEREFORE, for good and valuable consideration, including the following covenants, warranties, terms and conditions, the parties agree as follows:

1. The compromise and settlement of the bankruptcy estate's interest in the Property provided for by the Settlement and Release Agreement is subject to and contingent upon the approval of the United States Bankruptcy Court approving and authorizing the settlement and compromise, after notice to creditors and interested parties of the estate.

2. The Debtor will pay the total sum of $62,500.00 to Trustee, payable to "Edmund J. Wood, Trustee", an amount sufficient to pay all costs of administration and all claims in the

SETTLEMENT AND RELEASE AGREEMENT - 3

Debtor's estate in full. Upon the entry of an Order approving this settlement agreement, and the debtor's payment of the settlement funds, the Trustee agrees to abandon the estate's interest in the property located at 303 23rd Ave S, #606, Seattle, WA (King County APN 8726630560).

3. The Trustee, on behalf of the bankruptcy estate of the Debtor, shall: 1) waive all claims against the Property upon the following events occurring: a) the Debtor has delivered payment to the Trustee in the amount of $62,500.00 as described in paragraph 2 above; b) the Trustee and the Debtor have each executed this Settlement and Release Agreement; and c) a Bankruptcy Court order authorizing the settlement and compromise upon the terms described in this Settlement and Release Agreement has been entered.

4. The Debtor hereby waive all claims against and forever discharge the Trustee from any and all claims and causes of action arising prior to the execution of the Settlement and Release Agreement, upon the following events occurring: a) the Trustee and the Debtor have each executed this Settlement and Release Agreement; and b) a Bankruptcy Court order authorizing this Settlement and Release Agreement is entered. Provided, that should the settlement funds exceed the amount of unsecured creditor claims and costs of administration, the Debtor shall have a subordinated unsecured claim in the amount of $62,500.

5. The terms of this Settlement and Release Agreement are contractual and not mere recitals. Each party has had an opportunity to consult with an attorney prior to executing this agreement.

6. Payment as provided for in this Agreement is not an admission of liability or fault on the part of the Debtor. Rather, such liability is expressly denied. The parties hereto agree that this settlement is a compromise of disputed claims for the sole purpose of resolving such dispute.

7. This Settlement and Release Agreement shall be deemed to have been drafted by all parties to the Settlement and Release Agreement. No ambiguity shall be resolved against any party by virtue of a party's participation in the drafting of this Agreement, and the rights, claim and benefits associated therewith.

8. The parties may execute this Settlement and Release Agreement in one or more counterparts, which, when signed by all parties, and taken together, shall constitute a single agreement.

9. This Settlement and Release Agreement articulates the entire agreement between the parties with respect to the subject matter of the Settlement and Release Agreement and supersedes and replaces all previous negotiations, agreements, writings, settlement, commitments or understandings.

10. In the event that any provision of this Settlement and Release Agreement is deemed invalid, illegal or unenforceable in any respect, then the validity, legality and enforceability of the remaining provisions hereof shall not in any way be affected or impaired

SETTLEMENT AND RELEASE AGREEMENT - 4

and shall be interpreted and enforced in a manner not to reduce the rights or increase the obligations of the parties.

11. Should it be necessary for any party to this Agreement to initiate legal proceedings to enforce its terms the party or parties to such legal proceedings who substantially prevail shall be entitled to reimbursement of their actual attorneys' fees, including those incurred on appeal, from the party or parties who do not substantially prevail.

_____
Edmund J. Wood, Chapter 7 Trustee of the bankruptcy estates of Reynaldo Vinluan, Bk. No. 17-14070
DATED:

*Rey Vinluan* (signature)
_____
Reynaldo Vinluan
DATED: 6/14/2018

C:\Shared\KAE\Dox\Vinluan\settle_agr.wpd

**SETTLEMENT AND RELEASE AGREEMENT - 5**

and shall be interpreted and enforced in a manner not to reduce the rights or increase the obligations of the parties.

      11.    Should it be necessary for any party to this Agreement to initiate legal proceedings to enforce its terms the party or parties to such legal proceedings who substantially prevail shall be entitled to reimbursement of their actual attorneys' fees, including those incurred on appeal, from the party or parties who do not substantially prevail.

*/s/ Edmund J. Wood*
Edmund J. Wood, Chapter 7 Trustee of the bankruptcy estates of Reynaldo Vinluan, Bk. No. 17-14070
DATED: 6/20/18

_____
Reynaldo Vinluan
DATED:

C:\Shared\KAE\Doc\Vinluan\settle_agr.wpd

SETTLEMENT AND RELEASE AGREEMENT - 5